UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

OAKLEY, INC., a Washington corporation,

Plaintiff,

v.

NEFF, LLC, a California limited liability company dba Neff Headwear,

Defendant.

Case No.:  15cv148-BAS (DHB)

**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

**[ECF No. 27]**

On July 14, 2015, the parties filed a Joint Motion for Determination of Discovery Dispute regarding the scheduling of three depositions.  (ECF No. 27.)  Having considered the parties submissions, supporting exhibits, and supplemental documentation, the Court hereby **DENIES** Defendant's motion to compel, and **DENIES in part** and **GRANTS in part** Defendant's motion for a protective order, as set forth below.

## I. BACKGROUND

In this action, Plaintiff and Counter-Defendant Oakley, Inc. ("Plaintiff") alleges infringement of its "Razor Blade" trade dress, and related claims, against Defendant and Counter-Claimant Neff, Inc. ("Defendant").  On June 4, 2015, Defendant served a Rule 30(b)(6) deposition notice on Plaintiff, and on June 23, 2015, Plaintiff noticed the

depositions of JW Neff (Defendant's President) and Shaun Neff (Defendant's CEO). The parties have been unable to cooperatively schedule these depositions, and now seek court intervention.

Specifically, Defendant requests that the Court compel Plaintiff to produce its Rule 30(b)(6) witness for deposition on July 21, 22, or 23, 2015. Defendant states that the deposition was scheduled for July 8, 2015, but was unilaterally cancelled by Plaintiff on July 1, 2015 because the witness had flown to Italy for a business meeting. Defendant also seeks $5,000 in legal fees associated with preparing for the cancelled deposition. In addition, Defendant moves for a protective order to prevent or delay the depositions of JW Neff and Shaun Neff under the "apex doctrine," and asks the Court to restrict the parties to five fact depositions and one Rule 30(b)(6) deposition per side. Plaintiff counters that its Rule 30(b)(6) witness is not available for deposition until August 5, 2015, and opposes the other relief requested by Defendant.

## II. DISCUSSION

1. <u>Defendant's Motion to Compel Deposition of Rule 30(b)(6) Witness</u>

The Court declines to compel Plaintiff to produce its Rule 30(b)(6) witness, Roeya Vaughan for deposition on the dates proposed by Defendant. The Court appreciates Defendant's frustration with Plaintiff's cavalier attitude towards cancelling her July 8, 2015 deposition. However, based on Ms. Vaughan's declaration, the Court finds Plaintiff has shown sufficient justification for why she is not available on July 21, 22, or 23, 2015. (*See* ECF No. 29.) The Court finds that postponing the deposition for approximately two weeks, until August 5, 2015, is reasonable, particularly in light of the early stage of this case. Accordingly, the Court denies Defendant's motion to compel the Rule 30(b)(6) deposition to occur on July 21, 22, or 23, 2015. Plaintiff shall make its witness available for deposition on August 5, 2015.[1] The Court further declines Defendant's request for

---

[1] If Defendant's counsel has a conflict on August 5, 2015, the deposition may be rescheduled, but shall be completed no later than August 14, 2015. The Court reminds counsel that they are expected to work cooperatively with each other in conducting discovery and in the scheduling of all future depositions.

$5,000 in legal fees.

2.   <u>Defendant's Motion for Protective Order</u>

Under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The party seeking the protective order bears the burden to demonstrate good cause. *Id.*; *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 262-63 (N.D. Cal. April 4, 2012). To establish good cause, the moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Defendant moves for a protective order to postpone the depositions of JW Neff and Shaun Neff under the so called "apex doctrine." Depositions of high-ranking corporate executives are sometimes referred to as apex depositions, and courts have observed that such depositions create "a tremendous potential for abuse or harassment." *Apple*, 282 F.R.D. at 263. Therefore, courts may exercise their discretion under Rule 26(c) to prohibit or defer apex depositions. When determining whether to allow an apex deposition, courts consider the following: (1) whether the high-ranking deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case; and (2) whether the party requesting the deposition has exhausted other less intrusive discovery methods. *Id.* at 263; *In re National Western Life Ins. Deferred Annuities Litigation*, 2011WL 1304587, *1 (S.D. Cal. April 6, 2011). "When a high-level corporate executive lacks unique or superior knowledge of the facts in dispute, courts have found good cause exists to prohibit the deposition. However, when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition. Generally, a claimed lack of knowledge on behalf of the deponent does not alone provide sufficient grounds for a protective order." *Webside Story, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, *2 (S.D. Cal. April 6, 2007).

/ / /

/ / /

a.   *Shaun Neff*

Defendant identified Shaun Neff in initial disclosures as an individual who likely has discoverable information.  (ECF No. 27-4 at 4.)  Defendant's basis for requesting a protective order for Shaun Neff is merely that it believes his knowledge may be cumulative of the testimony of other employees.  The Court finds this is an insufficient reason alone to justify prohibiting the deposition.  Defendant has conceded that Shaun Neff has knowledge of matters relevant to the litigation, including "knowledge of the design and development of the accused products as well as Neff's defenses and counterclaim." (*Id.*)   Accordingly, the Court denies Defendant's request for a protective order with regard to Shaun Neff.  Defendant is directed to cooperate with Plaintiff to find a mutually agreeable date for the deposition of Shaun Neff.

b.   *JW Neff*

Defendant identified JW Neff in response to an interrogatory requesting Defendant to identify its corporate officers.  (ECF No. 27-5.)   However, Defendant did not acknowledge that JW Neff has any relevant knowledge.  Indeed, Defendant claims that JW Neff "has no meaningful personal knowledge of facts relevant to this litigation." (ECF No. 27 at 18.)  However, Defendant has not supported this claim by declaration or otherwise.

On one hand, the Court finds Defendant has not met its burden to substantiate its claim that JW Neff does not have any personal knowledge of relevant facts.  *In re National Western Life Ins.*, 2011 WL 1304587 ("[T]he burden is on Defendants to show why the deposition *should not* be taken, not the other way around. . . .  The apex deposition principle is not an automatic bar that [noticing party] must overcome by a showing of good cause.  Rather, it is a protective tool that is selectively employed on a case by case basis when deemed appropriate.")  On the other hand, Plaintiff has not "exhausted other less intrusive discovery methods," such as depositions of lower level employees.  It appears JW Neff's deposition notice was one of the first deposition notices Plaintiff issued.  Therefore, the Court is without sufficient information at this time to

4

determine whether Plaintiff should be absolutely precluded from deposing JW Neff. Nevertheless, the Court is concerned that the deposition has the potential for harassment. Thus, the Court finds that a stay of JW Neff's deposition is warranted while Plaintiff pursues other discovery, including the deposition of Shaun Neff and Defendant's Rule 30(b)(6) witness.  Accordingly, Defendant's request for a protective order as to JW Neff is granted, and his deposition is precluded at this time.  Plaintiff is directed to make a good faith effort to extract the information it seeks through other discovery methods and depositions of lower-level Neff employees.  If the other discovery proves inadequate or illustrates that JW Neff in fact has unique, non-repetitive personal knowledge of facts relevant to this litigation, Plaintiff may renew its notice of deposition.

    3.    Defendant's Request for Further Limits on Discovery

Defendant renews its request that the Court limit the parties to five (5) fact depositions and one (1) Rule 30(b)(6) deposition per side.  Defendant contends the limitation is appropriate because of its concerns that Plaintiff will leverage its superior resources and abuse the discovery process.  Defendant also expresses its desire to accelerate the case.  The Court finds that permitting ten (10) depositions per side, as contemplated by the Federal Rules, will not amount to an abuse of the discovery process in this case.  Particularly in light of the fact that Defendant itself has identified 8 potential witnesses in its initial disclosures, and has sought to depose Plaintiff's Rule 30(b)(6) witness on 17 topics.  Accordingly, the Court denies Defendant's request to impose additional restrictions on the number of depositions the parties may notice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

15cv148-BAS (DHB)

### III. CONCLUSION

Defendant's Motion to Compel the deposition of Plaintiff's Rule 30(b)(6) witness on July 21, 22, or 23, 2015 is **DENIED**.   Defendant's Motion for Protective Order is **DENIED in part** as to Shaun Neff, and **GRANTED in part** as to JW Neff.

IT IS SO ORDERED.

DATED: July 21, 2015

DAVID H. BARTICK
United States Magistrate Judge

6