UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>         Plaintiff,<br><br>v.<br><br>NEFF, LLC, a California limited liability company dba Neff Headwear,<br>         Defendant. | Case No.:  15cv148-BAS (DHB)<br><br>**ORDER REGARDING DEFENDANT'S EX PARTE APPLICATION FOR ORDER COMPELLING 30(b)(6) DEPOSITION OF OAKLEY, INC., SANCTIONS, AND OTHER RELIEF**<br><br>**[ECF Nos. 32, 44]** |

On August 10, 2015, Defendant Neff, LLC ("Defendant") filed an *Ex Parte* Application for Order Compelling 30(b)(6) Deposition of Oakley, Inc., Sanctions, and other Relief.  (ECF Nos. 31, 44.)  Plaintiff, Oakley Inc. ("Plaintiff") filed an opposition on August 11, 2015.   (ECF No. 35.)   Having considered the parties submissions, supporting exhibits, and supplemental documentation, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's motion, as set forth below.

## I. BACKGROUND

In this action, Plaintiff alleges infringement of its "Razor Blade" trade dress, and related claims, against Defendant.  On June 4, 2015, Defendant served a Rule 30(b)(6) deposition notice on Plaintiff.  (ECF No. 36-1.)  Defendant identified seventeen (17)

topics for examination.  Plaintiff designated Roeya Vaughan as its sole Rule 30(b)(6) witness, and her deposition took place on August 5, 2015.  After questioning Ms. Vaughan for approximately 4.5 hours, Defendant suspended the deposition.  Defendant contends Ms. Vaughan was unprepared on several key topics listed in the deposition notice, and therefore requests the Court compel Plaintiff to produce a knowledgeable witness.  Defendant also raises issues with Plaintiff's document production, interrogatory responses, and general lack of cooperation.  Defendant seeks monetary sanctions against Plaintiff.   Plaintiff counters that Ms. Vaughan testified knowledgeably about all seventeen topics, and opposes the relief requested by Defendant.

## II. DISCUSSION

### A.    Failure to Comply with the Court's Procedures for Discovery Disputes

As an initial matter, the Court notes that Defendant failed to comply with the Court's procedures for filing discovery motions.  First, Defendant has not complied with Section IV.C. of the undersigned Magistrate Judge's Civil Chambers Rules which requires the filing of a Joint Motion for Determination of Discovery Dispute.[1]  Second, and more concerning to the Court, it appears Defendant did not even attempt to meet and confer with Plaintiff prior to filing the instant motion.  The duty to meet and confer prior to bringing a discovery motion is well established.  It is required not only by this Court's Chambers Rules and the Southern District's Civil Local Rules, but also by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 37(a) (a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party filing to make disclosure or discovery in an effort to obtain it without court action"); Civ. L.R. 26.1(a) ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P, unless counsel will have previously met and

---

[1] The Chambers Rules are available at:
https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/17/Bartick%20Civil%20Chambers%20Rules.pdf

conferred concerning all disputed issues.")   In addition, Defendant failed to comply with the Court's rules governing *ex parte* applications.  *See* Civ. L. R. 83.3(h)(2).

It would be well within the Court's discretion to reject Defendant's motion for these reasons.  However, in the interest of justice, the Court will address the merits of the parties' dispute.  Nevertheless, the parties are advised that any future discovery motion will not be considered unless the parties comply with the Court's rules and procedures.

**B.   Defendant's Motion to Compel Knowledgeable Rule 30(b)(6) Witness**

Defendant argues Ms. Vaughan was not adequately prepared to testify on the following five topics that were noticed for examination:

| | |
|---|---|
| Topic 2: | The Razor Blades Trade Dress, including without limitation each design element that comprises the Razor Blades Trade Dress. |
| Topic 4: | Sales, Advertising, and Promotion of Razor Blades from the Initial Release Date to the present. |
| Topic 8: | The design and development of Razor Blades, including without limitation the design and development of the lens, the bridge, the temples, the rim, and the use of the OAKLEY mark/logo, and further includes the basis(es) for selecting each design element. |
| Topic 9: | The function performed by each design element of the Razor Blades, including without limitation the lens, the bridge, the temple, and the rim. |
| Topic 10: | Efforts to enforce the purported Razor Blades Trade Dress. |

A corporate entity is "obligated to produce the 'most qualified' person [or persons] to testify" when served with a Rule 30(b)(6) deposition subpoena.  *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 798 n.4 (9th Cir. 2003).  "The Corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition."  *Louisiana Pac. Corp. v. Money Market Inst. Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012).  The Court has reviewed the transcript of Ms. Vaughan's deposition and makes the following findings, as set forth below:

1

      1.   <u>Topic 2 – The Razor Blades Trade Dress</u>

2         The Court finds Ms. Vaughan was sufficiently prepared to answer Defendant's

3 questions on Topic 2, which related to the design elements of the asserted trade dress.

4 Ms. Vaughan identified several elements of the trade dress, including the bar across the

5 top of the lens, the single lens, the semi-squared shape of the bottom of the lens, the

6 attachment of the nosepiece, and the trigger ear stems.  Despite Defendant's urging, Ms.

7 Vaughan declined to identify any other elements.  Defendant was not satisfied with her

8 responses.  However, the fact that the witness declined to identify features that Defendant

9 pointed out, does not appear to be a lack of preparation or knowledge.  Ms. Vaughan was

10 able to respond and identify the features that Plaintiff contends makes up its trade dress.

11 Accordingly, the Court declines to compel a further Rule 30(b)(6) deposition on Topic 2.

12      2.   <u>Topic 4 – Sales, Advertising, and Promotion of Razor Blades</u>

13         The Court agrees with Defendant that Ms. Vaughan was not sufficiently prepared

14 to offer meaningful testimony on Topic 4 concerning Plaintiff's sales, advertising and

15 promotion of Razor Blades.  For example, Ms. Vaughan stated she did not know the U.S.

16 sales figures for the Razor Blades, and had not done any investigation to find out.  She

17 could not explain why the sales data Plaintiff had provided in responses to Interrogatory

18 No. 7 was missing information for certain months.  Ms. Vaughan knew very little

19 information about the company's marketing plans.  She stated she did not know how

20 much the company spent on advertising or promoting the Razor Blades, she did not know

21 about any endorsements, or whether the company promoted the Razor Blades at trade

22 shows.  She indicated there were other individuals at the company who might know the

23 information, but conceded she had not spoken with them.  Further, Ms. Vaughan did not

24 know when the company decided to develop the Heritage Collection, how long the Razor

25 Blades were available on www.oakley.com, or which stores carry the Razor Blades.

26 Therefore, the Court will compel Plaintiff to produce a knowledgeable witness or

27 witnesses capable of providing meaningful testimony on the matters encompassed in

28 Topic 4.

### 3. Topic 8 – Design and Development of Razor Blades

The Court finds Ms. Vaughan was sufficiently prepared to testify regarding topic 8, concerning the design and development of Razor Blades.  Defendant argues Ms. Vaughan was not prepared because she did not speak with James Jannard (who Plaintiff identified as the person responsible for the Razor Blades design and development), or with anyone with first-hand knowledge of the original development process.  However, Ms. Vaughan explained that she had spoken with Peter Yee, who is the current head of the design department.  According to Plaintiff, Mr. Jannard no longer works for the company, therefore he was not available for Ms. Vaughan to consult with in preparation for her deposition.  The Court notes that other than being unable to answer questions regarding a "handful of design sketches" (ECF No. 44-1 at 11), Ms. Vaughan was able to respond to questions concerning the design and development of the Razor Blades.  Accordingly, the Court declines to compel a further Rule 30(b)(6) deposition on Topic 8.

### 4. Topic 9 – Function Performed by Each Design Element of Razor Blades

The Court finds Ms. Vaughan was not adequately prepared to give meaningful testimony on Topic 9.  During the deposition, Defendant sought to question Ms. Vaughan regarding several expired utility patents.  However, Ms. Vaughan admitted she had not reviewed any patents in preparation for her deposition.  During the subsequent questioning it was apparent that Ms. Vaughan was unfamiliar with the patents Defendant presented to her.  The parties dispute the legal significance of the expired patents.  However, the ultimate weight and effect of the expired patents is an issue within the province of the district judge.  For the purposes of discovery, the Court determines the expired utility patents are relevant, and Plaintiff should have produced a witness who could testify knowledgeably about them.  Because it is clear Plaintiff's witness was not adequately prepared to testify regarding the expired utility patents, the Court will compel Plaintiff to produce a knowledgeable witness or witnesses capable of providing meaningful testimony on the matters encompassed in Topic 9.

///

5.    <u>Topic 10 – Efforts to Enforce Razor Blades Trade Dress</u>

Finally, the Court finds Ms. Vaughan was not adequately prepared to testify on Topic 10, concerning Plaintiff's efforts to enforce the Razor Blades trade dress. Ms. Vaughan stated that her only knowledge about Plaintiff's prior enforcement efforts were the case names listed in Plaintiff's response to Interrogatory No. 15. Ms. Vaughan could not answer any questions about the specifics of those cases. She was also unaware of two other trademark disputes Plaintiff had with Bolle and International Tropic-Cal, which Defendant apparently discovered through a public record search. The Court further notes that Ms. Vaughan stated she did not know when the company first became aware of the accused product, and did not attempt to ascertain that information. Accordingly, the Court will compel Plaintiff to produce a knowledgeable witness or witnesses capable of providing meaningful testimony on the matters encompassed in Topic 10.

6.    <u>Further Rule 30(b)(6) Deposition</u>

Because Plaintiff failed to meet its obligations under Rule 30(b)(6) to designate and properly prepare its witness to testify on Topics 4, 9, and 10, the Court finds good cause to grant Defendant an additional four (4) hours of deposition time to complete the Rule 30(b)(6) deposition. The Court further notes that Plaintiff's counsel's conduct at Ms. Vaughan's deposition was improper at times. Specifically, Plaintiff's counsel's use of speaking objections was inappropriate. The Court declines to issue sanctions. However, Plaintiff's counsel is cautioned that speaking objections must be avoided at all future depositions.

**C.   Defendant's Motion to Compel Written Discovery**

Next, Defendant requests the Court compel Plaintiff to supplement its responses to Interrogatory Nos. 7 and 15, complete its document production, and provide Defendant with information regarding its document collection and review process. Plaintiff argues Defendant's request in this regard is untimely. The Court notes that Plaintiff's supplemental interrogatory responses were served on July 24, 2015. The instant motion was filed within 45 days of the supplemental response date. Therefore, the Court will

1    deem Defendant's motion timely.

2        1.    Interrogatory No. 7

3        In Interrogatory No. 7, Defendant requested information about Plaintiff's U.S.

4    sales of Razor Blades since their first release date.   (ECF No. 44-6 at 17-18.)   In

5    response, Plaintiff provided a table of sales data since 2006.   (*Id.* at 44-7 at 7-8.)   The

6    Court finds the response is insufficient.   First, Plaintiff's witness testified that the data

7    reflected global sales, not U.S. sales.   Thus, the information provided is not responsive to

8    the request.   Second, the Court notes that the table is missing data for several months.

9    Finally, there is no data provided from before 2006.   Plaintiff claims it does not have

10   sales information from prior to 10 years ago.   However, Plaintiff has not confirmed by

11   declaration or supplemental response that that information does not exist, or that it would

12   be unduly burdensome to retrieve it.   Accordingly, the Court directs Plaintiff to

13   supplement its response to Interrogatory No. 7.

14       2.    Interrogatory No. 15

15       In Interrogatory No. 15, Defendant asked Plaintiff to identify every lawsuit

16   involving the Razor Blades that it has been involved with since the initial release date.

17   (ECF No. 44-6 at 25.)   Plaintiff provided a list of five cases.   (*Id.* at 44-7 at 15.)   It

18   appears that Plaintiff's response may be incomplete because Defendant has located at

19   least two additional cases, which Plaintiff's failed to disclose.   Plaintiff is directed to

20   confirm whether it has in fact disclosed all prior lawsuits, and shall provide a

21   supplemental response to Interrogatory No. 15.

22       3.    Document Production

23        Defendant contends Plaintiff has failed to complete its document production.

24   Plaintiff counters that it is still in the process of collecting documents, and states that

25   many of the documents are old, exist only in paper, and must be pulled from Plaintiff's

26   archives.   The Court notes that Defendant has not identified any specific document

27   request that is at issue.   Because Defendant has not provided sufficient information to

28   support its motion to compel, the request is denied.   Nevertheless, the Court expects

Plaintiff to diligently complete its document production. Accordingly, the parties are directed to meet and confer in order to establish a mutually agreeable schedule for the completion of all outstanding document production.

4. Request to Compel Details Regarding Document Collection Process

Defendant also requests that the Court order Plaintiff to provide information concerning its document collection and review process. Plaintiff does not respond to this request. It is appropriate for the parties to exchange search terms and privilege logs. Moreover, the parties indicated in their Joint Discovery Plan that they "will work collaboratively" to develop search terms, search protocols, and procedures for review of privileged information. The Court expects no less. Therefore, the Court directs Plaintiff to provide Defendant with the requested information regarding its document collection and review process.

**D.    Defendant's Request for Sanctions**

Defendant requests that Plaintiff be ordered to reimburse Defendant for the fees and costs associated with completing the Rule 30(b)(6) deposition, the time associated with preparing the instant motion, and for the time associated in preparing an unrelated discovery motion that was never filed. The Court finds sanctions are inappropriate. Under Rule 37, the Court may not award expenses on a motion to compel if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5). Here, Defendant failed to meet and confer prior to filing the instant motion. Therefore, Defendant's request for sanctions is denied.

Finally, the Court declines Defendants' request to stay any depositions Plaintiff seeks to take, including the deposition of Shaun Neff. Defendant has not established any nexus between the depositions Plaintiff may seek to take and the current dispute.

/ / /

/ / /

/ / /

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to compel is **GRANTED in part** and **DENIED in part**.

1.     Plaintiff shall produce a knowledgeable witness, or witnesses, capable of providing meaningful testimony on Topics 4, 9 and 10 for a further Rule 30(b)(6) deposition. The deposition shall take place on no later than **October 2, 2015**.

2.     Plaintiff shall supplement its responses to Interrogatory Nos. 7 and 15 no later than **September 25, 2015**.

3.     The parties shall meet and confer regarding any outstanding document production no later than **September 18, 2015**.

4.     Plaintiff shall provide Defendant with all pertinent details concerning its document collection and review process, including without limitation, the custodians whose files were searched, the search terms employed, the number of documents collected, and the number of documents produced. Plaintiff shall provide this information to Defendant no later than **September 25, 2015**.

IT IS SO ORDERED.

DATED: September 11, 2015

DAVID H. BARTICK
United States Magistrate Judge